J-S64023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YUFAN YAN, | |
| Appellant | No. 1639 MDA 2016 |

Appeal from the Judgment of Sentence August 26, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006068-2014

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 07, 2017**

Appellant, Yufan Yan, appeals from the judgment of sentence imposed on August 26, 2016, following his conviction by a jury on May 19, 2016, of indecent assault and simple assault, 18 Pa.C.S. §§ 3126(a)(1) and 2701(a)(1), respectively.[1]  We affirm.

The trial court summarized the facts as follows:

> The testimony at trial revealed that on September 20, 2014, the Appellant showed up uninvited to [M.C.'s] apartment.[8] Appellant came into the apartment, sat down on the couch along with Ms. [C.], put his arm around Ms. [C.], and tried to kiss Ms. [C.]  Ms. [C.] told him to stop and tried to show him the apartment.  At some point, the Appellant picked Ms. [C.] up and

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  The jury acquitted Appellant of attempted rape, 18 Pa.C.S. §§ 901(a) and 3121(a), and unlawful restraint, 18 Pa.C.S. § 2902(a)(1).

carried her to the bedroom. Here, he threw her on top of the bed and got on top of her. Ms. [C.] testified that the Appellant "put his hands in my hoodie and he unbuttoned my shorts and he touched my breasts[9]." Ms. [C.] repeatedly fought back telling the Appellant "no."

> [8] . . . Ms. [C.] had met the Appellant through WeChat (an online app that introduces people to each other). Ms. [C.] had testified that the Appellant had tried to kiss her previously when they first met in the school library.

> [9] This occurred underneath Ms. [C.'s] bra.

Ms. [C.] told [Appellant] that she was going to call the police. The Appellant froze and Ms. [C.] tried to get away. However, the Appellant grabbed a hold of Ms. [C.'s] wrist and tried to bring her back into the bedroom. At this point, Ms. [C.] ran to the door and told the Appellant to leave. After he left, Ms. [C.] called a friend and then called the police. The Commonwealth introduced, through Commonwealth's Exhibits 4 and 5, pictures depicting bruises on Ms. [C.'s] wrist. The Commonwealth also introduced the testimony of Officer Chris Miller of the Middletown Police Department who responded to the call and noticed an injury to Ms. [C.'s] left forearm wrist area. Detective Mark Hovan also responded to the scene and testified that Ms. [C.] was visibly upset. Detective Hovan also testified that he tried to get in contact with the Appellant and met with him the next day at the police station. The Commonwealth introduced, as Exhibit 6, a video of the interview.[10]

> [10] Portions of the video [were] played for the jury.

Trial Court Opinion, 2/28/17, at 3–4 (internal citations omitted).

Following Appellant's conviction on May 19, 2016, the trial court ordered an assessment by the Pennsylvania Sexual Offenders Assessment Board to determine whether Appellant should be classified as a sexually violent predator ("SVP"). On August 26, 2016, the trial court sentenced Appellant to payment of costs, a fine of $1500, and twenty-four months of

intermediate punishment, "three months of which will be restrictive in work release followed by three months on house arrest with electronic monitoring followed by regular probationary supervision" for the indecent-assault conviction. N.T. (Sentencing), 8/26/16, at 9–10. For simple assault, the trial court ordered the payment of a $300 fine and twenty-four months of intermediate punishment, broken down identically, to run concurrently with the sentence for indecent assault. *Id*. at 12–13. The trial court also ordered that Appellant, who was not classified as an SVP, was required to register as a sexual offender for fifteen years. Order, 8/26/16.

Appellant filed a motion to modify sentence on September 6, 2016. On September 29, 2016, the trial court granted the motion and modified Appellant's sentence for the indecent-assault conviction to three to six months of imprisonment with work-release eligibility, followed by eighteen months of probation. The court entered an identical, concurrent sentence for the simple-assault conviction.

Appellant filed a timely notice of appeal. The trial court ordered the filing of a Pa.R.A.P. 1925(b) statement by October 27, 2016. On November 22, 2016, the trial court filed a memorandum pursuant to Rule 1925(a), noting that due to Appellant's failure to comply with Pa.R.A.P. 1925, all issues should be considered as waived. Memorandum Statement, 11/22/16. Appellant's counsel thereafter filed a motion to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc*, averring that she never received an order

to file the Rule 1925(b) statement. When the trial court denied the motion on December 6, 2016, due to lack of jurisdiction, Appellant filed, in this Court, an application to remand the record to the trial court for the filing of a statement *nunc pro tunc* and a trial court opinion pursuant to Pa.R.A.P. 1925. On January 17, 2017, this Court granted the requested relief.[2] Appellant filed a concise statement of errors complained of on appeal on February 6, 2017, and the trial court filed an opinion on February 28, 2017.

Appellant raises the following issues on appeal:

1. Whether the court erred when it permitted Detective Hovan to offer testimony regarding pre-arrest statements the Appellant made during two telephone calls wherein he invoked his Article 1, § 9 right against self-incrimination and the probative value of the statements was outweighed by the potential for prejudice?

2. Whether the court erred when it failed to declare a mistrial after Detective Hovan, who had been specifically warned not to offer opinion testimony, interjected unsolicited opinion testimony that he did not make an audio and video taped statement of the alleged victim, because Detective Hovan said "I believed her."

3. Whether the court erred when it failed to [declare] a mistrial after it was disclosed to the defense for the first time during the direct examination of the complaining witness that she made a telephone call to a friend and discussed the alleged incident, after the Appellant had left her house and prior to calling 911?

4. Whether the court erred in failing to instruct the jury as to the failure to call a potential witness pursuant to model

---

[2] In the meantime, Appellant was paroled on December 30, 2016. Order, 12/30/16.

- 4 -

jury instruction 3.21A, specifically the unnamed male friend she called prior to calling 911?

5.  Whether the court erred in failing to instruct the jury as to the failure to produce certain documents or other tangible evidence under Model Jury Instruction 3.21 B?

Appellant's Brief at 3–4 (full capitalization and underline omitted).[3]

Appellant first challenges the testimony of Detective Mark Hovan. Questions concerning the admission of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. ***Commonwealth v. Baumhammers***, 960 A.2d 59 (Pa. 2008). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Dillon***, 925 A.2d 131, 136 (Pa. 2007).

_____

[3]  We note that Appellant has failed to comply with Pa.R.A.P. 2119(a), which states:

> The argument shall be divided into as many parts as there are question to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Appellant's first two issues are properly presented, but the final three issues are put forth as one claim, with the final two issues lacking in any indication of their presentation.  Appellant's Brief at 33–37.  Although Appellant's organization of his argument does not correspond with the issues presented and does not facilitate our review, it does not impair our review to the extent that we would decline to address the issues on this basis.

Appellant asserts that the trial court erred in denying "Appellant's Motion in Limine to exclude the Appellant's statements made during two telephone conversations" with Detective Hovan. Appellant's Brief at 13. However, Appellant fails to identify the statements to which he is referring. Further, Appellant does not indicate the place in the record the motion was made, other than to state it was pretrial, and he does not inform this Court whether his motion was written or oral. Appellant utterly fails to support his contention with reference to the place in the record where inadmissible evidence was permitted, as required by Pa.R.A.P. 2119(c) (stating if reference is made to any matter appearing in the record, argument must set forth place in the record where the matter appears). For this reason, we could deem this argument waived. ***Commonwealth v. Williams***, 980 A.2d 667 (Pa. Super. 2009) (stating defendant waived argument on appeal where he failed to indicate in his brief where the issue was preserved in trial court). Moreover, and significantly, we have reviewed the record and there is no motion *in limine* in the record certified to us on appeal. We note that there was testimony by Detective Hovan at trial regarding two telephone calls to Appellant; thus, to the extent we can clarify the issue, we will address it.

Detective Hovan testified that upon receiving the call regarding a possible sexual assault, he went to the victim's residence. After speaking with the victim and photographing her injuries, he contacted the assistant district attorney, who advised him to contact Appellant. Detective Hovan

testified that he wanted to speak to Appellant to "get his side of the story." N.T. (Trial), 5/18/16, at 131. The officer proceeded to Appellant's home, knocked on the door, but no one answered. *Id*. at 129. Detective Hovan then telephoned Appellant, and when Appellant answered, Detective Hovan stated as follows:

> At that time I told him that I needed to talk to him about a situation that occurred in Middletown earlier today. He said he was not in Middletown, that he was at Lehigh. He just wanted to talk about it over the phone. I said I would prefer to talk to him in person. I want to talk to him about the situation. He wanted to know more about the situation. I said I wasn't going to tell him that and that I needed to talk to him. It was important that I talk to him as soon as possible.
>
> . . . He said . . . I can't get back today but I'll be back tomorrow. He said, can you call me back[?] I said, sure, I'll call you back.
>
> * * *
>
> I ended up calling him back again and that was a shorter conversation. It was just, hey, I need you to come back. He said, I'll be back tomorrow. I would like you to come to the Middletown Police Department to talk to me. He said he would. We organized a time for that, 1400 hours, 2:00 o'clock, 2:00 o'clock the next day.

N.T. (Trial), 5/18/16, at 130–131.

Appellant asserts that his statements to Detective Hovan must be construed as "his invocation of his right against self-incrimination" under Article 1, section 9 of the Pennsylvania Constitution. Appellant's Brief at 13–14. In support, he cites *Commonwealth v. Molina*, 104 A.3d 430, 438 (Pa. 2014) (plurality).

In *Molina*, the investigating detective testified that while the defendant reluctantly answered several questions on the telephone and ended the call, he refused to go to the police station for further questioning. In closing arguments, the prosecutor relied on this silence as constituting evidence of guilt. *Molina*, 104 A.3d at 438. Discounting the defendant's reluctance to talk to police on the telephone, the *Molina* Court found that the defendant's "actions in affirmatively and definitively refusing to come to the police station" were sufficient to invoke his right against self-incrimination. *Id*. at 438. Thus, the Court cautioned that the right against self-incrimination "prohibits use of a defendant's pre-arrest silence as substantive evidence of guilt, unless it falls within an exception such as impeachment of a testifying defendant or fair response to an argument of the defense." *Id*. at 451. *Cf*. *Commonwealth v. Adams*, 104 A.3d 511 (Pa. 2014) (Opinion Announcing Judgment of Court) (citing *Commonwealth v. DiNicola*, 866 A.2d 329, 337 (Pa. 2005)).

In *Adams*, the detective testified over objection that he attempted to interview the defendant about a homicide, but he responded that he had nothing to say. *Adams*, 104 A.3d at 513. No further reference was made to the defendant's pre-arrest silence. The plurality in *Adams* noted that mere reference to a defendant's silence does not necessarily impinge constitutional rights when guilt is not implied. *Id*. at 517; *see also Commonwealth v. McGriff*, 160 A.3d 863 (Pa. Super. 2017) ("[T]he right

against self-incrimination is not burdened when the reference to silence is 'circumspect' and does not 'create an inference of an admission of guilt.'") (quoting **Adams**, 104 A.3d at 517).

In contrast, herein, the testimony established only that Appellant stated he was out of town, he initially preferred to talk to the officer on the telephone, he could not return until the next day, and he **agreed** to go to the police station to talk to Detective Hovan. There was no indication that Appellant refused to answer any questions. There was no reference to Appellant's silence by the Commonwealth.

We agree with the trial court's assessment of the issue, as follows:

> The testimony did not constitute an impermissible comment by Detective Hovan but instead was used as foundational evidence demonstrating how the police obtained a video and audio recording of [Appellant's] statement given to police. The Detective's testimony was given for the narrow purpose of describing the police investigation and *was not for implying [Appellant's] guilt*. (*emphasis added*).

Trial Court Opinion, 2/28/17, at 5–6. Appellant's right against self-incrimination was not violated, and the issue lacks merit.

Appellant's second issue avers, in a prolix and convoluted argument, trial court error for failure to grant a mistrial. We distill counsel's rambling reference to irrelevant testimony and commentary, Appellant's Brief at 22–26, and observe that the motion for mistrial was based on Detective Hovan's response during cross-examination that he "believed" the victim. **Id**. at 27; N.T. (Trial), 5/18/17, at 147. The comment was in response to Appellant's

suggestion that while the officer had obtained the victim's written statement, he also had "the ability to make an audio and video [recording] of the statement" but failed to do so. N.T. (Trial), 5/18/17, at 147. Appellant argues that Detective Hovan's statement was an expression of his opinion that Appellant was guilty of the crimes charged and required the grant of a new trial. Appellant's Brief at 27. We disagree.

Our standard of review in this context is as follows:

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Commonwealth v. Parker*, 957 A.2d 311, 319 (Pa. Super. 2008) (quoting *Commonwealth v. Rega*, 933 A.2d 997, 1016 (Pa. 2007)).

Appellant's attempt to equate this case with that of *Commonwealth v. Capalla*, 185 A. 203 (Pa. 1936), fails. Appellant's Brief at 33. In *Capalla*, the prosecutor called the defendant a cold-blooded killer in his closing argument to the jury. The court concluded that the expression therein was "equivalent to an expression of belief on the part of the district attorney that the defendant was guilty of murder in the first degree." *Id*. at 206. In the present case, Detective Hovan's comment, in response to defense counsel's questioning, was mere explanation as to why he did not

make an audio or video recording of the victim's statement. N.T. (Trial), 5/18/17, at 147. It cannot be construed as comment that Appellant was guilty.

The trial court stated the following in support of its decision not to grant a mistrial:

> Detective Hovan indicated that he did not audio and video record the statement given by Ms. [C.] because "he believed her." N.T. at 147. The Appellant contends that this statement "constitutes an explicit expression of the Detective's opinion that the Appellant was guilty of the crimes alleged." Here, however, the Detective merely stated that he believed what the victim was telling him. Additionally, assuming arguendo that one can infer from this statement that the Detective was implicitly implying that because he believed the victim, that [Appellant] is thereby guilty, this statement is not so prejudicial as to warrant a new trial. The victim gave compelling testimony as to the events of the crime. Furthermore, it was defense counsel that asked the question that elicited the response given by Detective Hovan. Additionally, following a brief recess, the jury was immediately given a curative instruction that the statement was not to be considered as evidence and that the jury was to completely disregard that opinion. N.T. at 154. Such instruction dispels any harm that may have risen from the improper opinion given by Detective Hovan.

Trial Court Opinion, 2/28/17, at 7–8 (footnotes omitted).

We conclude that Detective Hovan's statement was not a comment regarding the detective's personal belief as to Appellant's guilt, and to the extent that it may be interpreted in that light, it was not prejudicial. Our Supreme Court has recognized that where a defendant has been charged with and is being tried for a crime, it is already a clear indication to the jury that the police believe the defendant is guilty. *See Commonwealth v.*

- 11 -

*Wilson*, 649 A.2d 435, 446 (Pa. 1994) (Police officer's reference to defendant as "prime suspect" in police lineup was not statement of officer's personal belief of defendant's guilt; it did nothing more than reiterate to jury obvious fact that defendant was charged with murder because it was believed that he was the perpetrator). This issue lacks merit.

Next, Appellant asserts that the trial court abused its discretion in denying his motion for a mistrial based upon "the prosecution's failure to disclose that the . . . victim had called a friend immediately prior to calling 911 after the . . . incident." Appellant's Brief at 33. Once again, Appellant fails to identify where in the record the motion was made, denied, and discussed. *Id*. at 33–35. As such, we could conclude the issue is waived. *Commonwealth v. Fransen*, 42 A.3d 1100, 1116 n.14 (Pa. Super. 2012) (citing *Commonwealth v. Einhorn*, 911 A.2d 960, 970 (Pa. Super. 2006)) (concluding, *inter alia*, that a claim is waived for failure to direct this Court's attention to that part of the record substantiating it); *see also* Pa.R.A.P. 2119(c) ("If reference is made to . . . any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears.").

Our independent review, however, reveals a discussion among the prosecutor, the court, and defense counsel relating to this claim. N.T. (Trial), 5/17/16, at 54. Apparently there had been a discussion at side bar

- 12 -

regarding the fact that during the victim's testimony at trial, she indicated for the first time that immediately after Appellant left her apartment, and directly before calling 911, the victim first called a friend. *Id*. at 53. While defense counsel indicated she had made a motion for a mistrial, the trial court subsequently stated that indeed, she had not done so. *Id*. at 54 ("For the record you only mentioned that you might be moving for a mistrial. You never formally did that."). Then defense counsel so moved, and the trial court denied it. *Id*. The following exchange occurred:

> By the Commonwealth: When we spoke at sidebar, Your Honor, [defense counsel] had raised the question about the witness, the [victim] had testified that before calling the police, she had called a friend. We discussed that that information had come to light for the first time yesterday afternoon during a trial prep meeting. What we discussed was in lieu of [defense counsel] seeking a mistrial based on any failure to turn over that evidence or inability to follow up on that, that the Commonwealth would agree not to play for the jury the 911 call in this case.
>
> * * *
>
> By the court: As I understand it, you are accepting the compromise that was offered by the Commonwealth, . . . that he will not introduce the 911 tape. He will make it part of the record for future reference but it will not be played for the jury obviously. And in exchange for that, you have some ability to cross-examine on the delay involved and [to whom] the phone call may have been; but, otherwise, trial moves on.

N.T. (Trial), 5/17/16, at 53–54.

We have reviewed the victim's testimony where she revealed, for the first time, an intervening call. N.T. (Trial), 5/17/17, at 39–40, 99–106. This is not a situation where evidence material to the guilt of the accused is withheld as encompassed or envisioned by *Brady v. Maryland*, 373 U.S. 83

- 13 -

(1963). Upon vigorous cross-examination by Appellant, the victim could not even remember who she called. N.T. (Trial), 5/17/16, at 99. Moreover, Appellant has not pointed to any resultant prejudice. As the trial court determined, any prejudice to Appellant was *de minimus*, and any prejudicial effect "was so insignificant by comparison that the error could not have contributed to the verdict." Trial Court Opinion, 2/28/17, at 8 (quoting ***Commonwealth v. Shull***, 148 A.3d 820, 846 (Pa. Super. 2016)). Furthermore, we note that defense counsel chose to accept the Commonwealth's compromise offer to refrain from playing the 911 call. This issue is meritless.

Appellant presents his final two issues as an addendum to the third claim discussed above, and he presents them together; thus, we shall address them likewise. Appellant contends the trial court erred in refusing to give a missing-witness instruction to the jury and refusing Appellant's request for an instruction regarding the Commonwealth's failure to produce telephone records. Appellant's Brief at 35–36. Both of these claims relate to the fact that the victim could not remember who she called two years earlier when she telephoned a friend prior to placing the 911 call.

In reviewing a jury charge, we determine "whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case." ***Commonwealth v. Brown***, 911 A.2d 576, 582–583 (Pa. Super. 2006). We must view the charge as a whole; the trial court is

free to use its own form of expression in creating the charge. ***Commonwealth v. Hamilton***, 766 A.2d 874, 878 (Pa. Super. 2001). "[Our] key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." ***Id***. Moreover:

> [i]t is well-settled that "the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties[,] and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal."

***Commonwealth v. Scott***, 73 A.3d 599, 602 (Pa. Super. 2013) (quoting ***Brown***, 911 A.2d at 583).

Appellant asserts that he asked the court to give missing-witness and missing-evidence instructions, and the court refused. Appellant's Brief at 35. Appellant fails to refer us to any place in the record where such request was made and refused. Indeed, in his brief relating to these two issues, there is not a single reference to the record. ***Id***. at 35–37. Not only is this a violation of Pa.R.A.P. 2119(c), "it is a disservice to counsel's client and this [C]ourt. It makes review of this matter unnecessarily time consuming and difficult." ***Commonwealth v. Stafford***, 749 A.2d 489, 493 (Pa. Super. 2000).

Our Supreme Court clarified the procedure for preserving challenges to jury instructions under the Pennsylvania Rules of Criminal Procedure in ***Commonwealth v. Pressley***, 887 A.2d 220 (Pa. 2005), stating:

- 15 -

The pertinent rules . . . require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction. Although obligating counsel to take this additional step where a specific point for charge has been rejected may appear counterintuitive, as the requested instruction can be viewed as alerting the trial court to a defendant's substantive legal position, it serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue. This is particularly so where a judge believes that the charge adequately covered the proposed points. Moreover, charging requests are frequently submitted in advance of or during trial, with the relevance or necessity of a proposed instruction being of different significance as a result of subsequent events. Similarly, a judge's perspective concerning a particular point may be altered based upon a party's arguments.

*Id*. at 224 (footnotes and citations omitted).

Herein, Appellant's counsel failed to make any objection regarding the omission of the missing-witness or missing-evidence charges, and thus, we are constrained to find that Appellant's final arguments are waived under ***Pressley***. ***See also Commonwealth v. Hitcho***, 123 A.3d 731, 756 (Pa. 2015) (specific exception shall be taken to the language or omission from the jury charge or issue is waived); Pa.R.Crim.P. 647(B) (omissions from jury charge may not be assigned as error unless specific objections are lodged before jury retires to deliberate).[4]

Judgment of sentence affirmed.

_____

[4] Even if not waived, we would rely on the trial court's explanation to find the issues lack merit. Trial Court Opinion, 2/28/17, at 8–11.

Judge Panella and Justice Fitzgerald concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017